```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

   v.                                Criminal No. 15-cr-178-03-LM
                                                           Opinion No. 2016 DNH 196

Jeannette Hardy

## **O R D E R**

Jeannette Hardy is charged with conspiracy with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a).  Trial is scheduled to begin on June 21, 2016.  In advance of trial, Hardy has filed a motion seeking to compel the government to disclose the identities of confidential sources[1] and to immediately produce exculpatory evidence.  The government objects.

### Discussion

Hardy seeks to compel the government to disclose the identities of confidential sources and to produce exculpatory evidence, including impeachment evidence, relating to the

---

[1] In her motion, Hardy uses the terms "confidential sources," "confidential informants," and "cooperating defendants" interchangeably.  For the purposes of this order, the court will use the term "confidential sources."

confidential sources, before the deadline to do so under the local rules of this district.

A. <u>Confidential Sources</u>

Hardy seeks the disclosure of the identity of confidential sources. According to Hardy, the government has relied on several confidential sources, some or all of whom are likely to have information favorable to Hardy's case. The government objects, arguing that Hardy has not met the standard for the court to order the government to disclose the identities of confidential sources.

Courts have long recognized the government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). "'[W]hen the Government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety.'" United States v. Tzannos, 460 F.3d 128, 139 (1st Cir. 2006) (quoting United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991)). Such circumstances may exist if disclosure of

the informant's identity "is vital to the proper preparation and presentation" of a defense.  United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002).  A defendant "bears the 'heavy' burden of showing that disclosure is necessary in raising his defense." United States v. Cartagena, 593 F.3d 104, 113 (1st Cir. 2010) (quoting United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994)).

Hardy has not carried her burden to show that this an exceptional case warranting the disclosure of the identity of confidential sources.  Hardy simply asserts, without support, that the confidential sources are likely to have information that is "exculpatory" or "favorable" to her.  Such vague justifications are insufficient to show that disclosure is necessary in this case.  See Martinez, 922 F.2d at 921 ("Mere speculation as to the usefulness of the informant's testimony, it must be emphasized, is insufficient to justify disclosure of his or her identity, so defendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses.").

The closest Hardy comes to pointing to a specific justification for needing the identity of the government's confidential sources is that the government obtained a warrant based on the statements of a confidential source to search a

safe deposit box, from which it ultimately recovered more than $560,000.  Hardy asserts that other than the confidential source's statement, "[t]here is no information contained in the current discovery materials which would link Ms. Hardy to that safe[] deposit box."  Doc. no 52 at ¶ 2.

That assertion, however, is contradicted by the evidence in this case, which shows that: (i) the key to the safe deposit box was recovered during the government's lawful search of Hardy's apartment; and (ii) Hardy confirmed that the key was hers when confronted by officers after the search, but told them that there was nothing significant in the deposit box and she had not used it for some time.  Therefore, there is inculpatory evidence in the record other than the confidential source linking Hardy to the safe deposit box.

Hardy has failed to "point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety."  Martinez, 922 F.2d at 921.  Therefore, she has failed to carry her burden of showing that disclosure of the identities of the government's confidential sources is necessary to her defense.

B.  Early production of evidence

The government must disclose material exculpatory evidence, which includes impeachment evidence. Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87-88, (1963). Brady and Giglio material must be disclosed in a timely manner. United States v. Sepulveda, 15 F.3d 1161, 1178 (1st Cir. 1993). Under the local rules of this district, disclosure must be made at least 21 days before trial. LCrR 16.1(d).

Hardy requests disclosure of exculpatory evidence, including impeachment evidence, in advance of the deadlines set forth in Local Criminal Rule 16.1(d). Her justification is simply that "[t]wenty-one days in advance of trial will not permit sufficient time to conduct necessary investigation." Doc. no. 52 at ¶ 14.

Hardy has not offered any reason beyond conclusory statements why production of Brady/Giglio material in accordance with the deadline set forth in the local rules is insufficient to allow her to adequately prepare for trial. Therefore, she has not demonstrated that she is entitled to early production of such material. See United States v. Wright, No. 2:15-cr-61-DBH, 2015 WL 4665016, at *3 (D. Me. Aug. 6, 2015) ("The defendant's speculation that he might be harmed by the government's untimely production of Brady/Giglio materials does not afford a

5

compelling reason to" order immediate disclosure of such materials.).

Further, the government represents in its objection that it has complied with its obligations under Brady/Giglio to disclose evidence that is both favorable to Hardy and material to either guilt or punishment. Therefore, even if Hardy had provided an adequate justification for early disclosure of the material, in light of the government's representation, there is no need to compel disclosure. See United States v. Carpenter, No. 3:13-CR-226(RNC), 2015 WL 9480449, at *3 (D. Conn. Dec. 29, 2015); United States v. Russo, 483 F. Supp. 2d 301, 308 (S.D.N.Y. 2007). To the extent the government either possesses or discovers Brady/Giglio material that has not already been produced, it shall disclose such material to Hardy no later than 21 days before trial.[2]

---

[2] Although unclear from her motion, Hardy may also be seeking to compel the government to immediately produce witness statements under the Jencks Act, 18 U.S.C. § 3500. Local Criminal Rule 16.1(e) requires the government to disclose witness statements at least seven days before trial. Hardy appears to seek early disclosure of the material because she believes the statements are likely to be exculpatory. However, "numerous courts have concluded that district courts cannot compel the early disclosure of Jencks material that [does not] amount to Brady [or] Giglio material." United States v. Perry, 37 F. Supp. 3d 546, 560-61 (D. Mass. 2014) (collecting cases). Even if the court could compel early disclosure on that basis, Hardy has not provided the court with any non-conclusory justification for early disclosure.

**Conclusion**

For the reasons stated above, Hardy's Motion to Compel Disclosure of Confidential Informant and Timely Disclosure of Brady/Giglio Material Related to Confidential Informant (doc. no. 52) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 26, 2016

cc: Phillip H. Utter, Esq.
    Charles O'Leary, Esq.
    Jaye Rancourt, Esq.
    Georgiana L. Konesky, Esq.
    Donald A. Feith, Esq.
    United States Marshal
    United States Probation